IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TITAN$^3$ TECHNOLOGY, LLC, an Arizona limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> INTERMATIC, INC., a Delaware corporation, <br><br> Defendant. | Case No. 1:24-cv-00556 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Titan$^3$ Technology, LLC ("Titan$^3$"), by and through undersigned counsel, for its Complaint against Defendant Intermatic, Inc. ("Intermatic") states as follows:

**PARTIES**

1. Plaintiff Titan$^3$ is a limited liability company organized and existing under the laws of the state of Arizona, with its principal place of business at 2113 S. 48th Street, Suite 105, Tempe, Arizona 85282.

2. Upon information and belief, Intermatic is a Delaware corporation with its principal place of business at 1950 Innovation Way, Suite 300, Libertyville, Illinois 60048.

3. Upon information and belief, Intermatic makes, has made, imports, offers for sale, sells, and uses the Accused Products, as defined herein, throughout the United States and in this judicial district.

**JURISDICTION AND VENUE**

4. This is a civil action to combat Intermatic's willful infringement of Titan$^3$'s exclusive patent rights arising under the patent laws of the United States, Title 35 of the United

States Code. Intermatic's infringement of Titan³'s exclusive patent rights is occurring in this judicial district and throughout the United States, including by Defendant's manufacture, importation, use, and/or sale of infringing products in this judicial district.

5. Accordingly, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Intermatic, as Intermatic maintains its corporate headquarters and principal place of business in this district, thereby availing itself of the laws of Illinois. This Court also has personal jurisdiction over Intermatic as Intermatic conducts substantial business in this district, and the specific acts of infringement complained of herein are being committed in this district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

8. Titan³ is the market leader in innovation and engineering in the electrical and HVAC industries.

9. Titan³ has a rich history of innovation and ingenuity dating back to January of 2013, when Titan³ was founded, with over 200 patents and patents pending.

10. Titan³'s continued research, development, and enhancement in the electrical industry resulted in the award of U.S. Patent No. 10,367,341 (the "'341 Patent"), No. 10,777,981 (the "'981 Patent"), and No. 11,799,276 (the "'276 Patent," and all together, the "Titan³ Patents"). True and correct copies of the Titan³ Patents are attached hereto as Exhibits 1–3, respectively.

## THE TITAN³ PATENTS

11. The '341 Patent was filed on April 3, 2018, and was granted on July 30, 2019, containing 8 claims.

12. The '981 Patent was filed on July 29, 2019, and was granted on September 15, 2020, containing 11 claims.

13. The '276 Patent was filed on October 24, 2022, and was granted on October 24, 2023, containing 20 claims.

14. Titan$^3$ is the true and correct owner of all rights, title, and interest in and to the Titan$^3$ Patents, and Titan$^3$ has not licensed, assigned, or otherwise conveyed its exclusive rights in the Titan$^3$ Patents.

15. Titan$^3$'s products that embody the inventions of the Titan$^3$ Patents include, without limitation, Low Profile Residential (Product Nos. WCWR1PG; WCWR1PW; WCWR1PB; TWCWR1PG; TWCWR1PW; TWCWR1PB) and Low Profile Commercial (Product Nos. WCWL1PG; WCWL1PW; WCWL1PB; WCWL2PG; WCWL2PW; WCWL2PB; TWCWL1PG; TWCWL1PW; TWCWL1PB; TWCWL2PG; TWCWL2PW; TWCWL2PB) (the "Embodying Products"), are distributed throughout the United States and have been marked consistent with 35 U.S.C. § 287(a), providing notice to the public that they are patented.

## INTERMATIC INFRINGES THE TITAN$^3$ PATENTS

16. Upon information and belief, Intermatic has been selling the WP6000, WP6200, WP7000, and WP7200 low-profile waterproof covers (together, the "Infringing Products") since at least as early as 2021.

17. The Infringing Products directly compete with and are nearly identical to the Embodying Products.

18. The Infringing Products directly infringe the Titan$^3$ Patents. For example:

    a. The Infringing Products infringe claim 6 of the '341 Patent because they comprise: (1) a base configured to couple to an electrical outlet; (2) only one lid frame hingedly

coupled to the base along a first side of the lid frame and pivotable on between an open position and a closed position, the lid frame comprising a central aperture surrounded by the lid frame; (3) one enclosure movably coupled to the frame within the central aperture and telescopingly movable within the lid frame between a collapsed, not-in-use position and an extended, in-use position, wherein the enclosure comprises an enclosure side wall surrounding the enclosure and an enclosure front wall enclosing the front side of the enclosure, the enclosure side wall comprising a ledge extending outward from an enclosure wall adjacent a back edge of the enclosure wall, the ledge positioned adjacent a back surface of the frame at the central aperture when the enclosure is in its extended, in-use position and adjacent a front surface of the base when in its collapsed, not-in-use position; and (4) an aperture extending through and surrounded by the base, the aperture sized large enough to receive a portion of an electrical device therethrough.

    b.  The Infringing Products infringe claim 1 of the '981 Patent because they comprise: (1) a base having a first hinge member and an electrical device opening configured to allow an electrical cord to electrically couple with an electrical device through the electrical device opening, the base further having a base locking aperture that extends through the base at a corner of the base; and (2) a lid comprising (a) only one frame having a second hinge member and a central aperture extending through a center of the frame, the frame further having a frame locking aperture that extends through the frame at a corner of the frame; and (b) a center-portion having an enclosure with a front wall and a continuous enclosure wall extending around a perimeter of the front wall, the enclosure wall having a back edge distal to the front wall, the back edge forming a ledge extending outward from the enclosure wall; (3) wherein the lid is coupled to the base through the first hinge member being coupled to the second hinge member; (4) wherein the center-portion is slidably coupled to the frame with the enclosure extending through the central aperture

of the frame and slidable between an extended, in-use position and a collapsed, not-in-use position; and (5) wherein the lid is pivotable with respect to the base between an open position and a closed position; (6) wherein the base locking aperture and the frame locking aperture are immediately adjacent to each other the lid is in the closed position and are configured to cooperate to enable the frame to be locked in the closed position against the base by a lock extending through at least one of the base locking aperture and the frame locking aperture.

    c.  The Infringing Products infringe claim 1 of the '276 Patent because they comprise: (1) a base configured to couple to an electrical outlet; (2) a lid hingedly coupled to the base along a first side of the lid and pivotable between an open position and a closed position, the lid comprising: (a) a frame comprising a central aperture surrounded by the frame; and (b) an enclosure coupled to the frame and extending through the central aperture of the frame, the enclosure comprising an enclosure side wall surrounding an enclosure space and an enclosure front wall enclosing a front side of the enclosure space, wherein the enclosure is linearly movable relative to the frame between a collapsed, not-in-use position and an extended, in-use position, wherein the enclosure side wall is in contact with the frame throughout its movement, the enclosure comprising a ledge extending outward from the enclosure side wall adjacent a back edge of the enclosure side wall, wherein the enclosure abuts the base when the enclosure is in the collapsed, not-in-use position; and (3) a base locking aperture extending through the base at an edge of the base and a lid locking aperture extending through the frame at an edge of the frame, wherein the lid locking aperture is adjacent the base locking aperture when the lid is in its closed position.

  19.  Upon information and belief, additional claims of the Titan$^3$ Patents are also literally infringed by the Infringing Products. To the extent one or more elements of the Titan$^3$

Patents are not directly or literally infringed, those elements are infringed under the doctrine of equivalents.

20. There are no substantial noninfringing uses for the Infringing Products.

21. Intermatic has been put on notice of the '341 Patent and '981 Patent long before the filing of this Complaint. Notice of Titan³'s exclusive rights in these patents were conveyed to Intermatic in a written correspondence dated October 1, 2021. A true and correct copy of this correspondence is attached hereto as Exhibit 4.

22. Intermatic was subsequently put on notice of the '276 Patent through a written correspondence dated October 26, 2023. A true and correct copy of this correspondence is attached hereto as Exhibit 5.

23. Intermatic has been and is continuing to manufacture, import, offer for sale, sell, and distribute the Infringing Products in willful violation of Titan³'s exclusive rights in the Titan³ Patents.

24. Upon information and belief, Intermatic is contributing to the direct infringement of the Titan³ Patents by others, including by directing others to install and use the Infringing Products, as set forth in Exhibit 6, which Titan³ incorporates herein by reference.

25. Intermatic has contributed to the direct infringement of the Titan³ Patents with specific knowledge of the Titan³ Patents, and further knowing the Infringing Products were made or adapted for use in an infringement of the Titan³ Patents. The contributory infringement alleged herein by Intermatic does not involve the use of staple articles or other commodities of commerce suitable for noninfringing use.

26. If Intermatic is permitted to continue its infringing and unlawful acts complained of herein, those actions are highly likely to cause irreparable injury to Titan$^3$, for which there is no adequate remedy at law.

## CLAIM ONE

### Patent Infringement – '341 Patent

27. Titan$^3$ realleges and incorporates by reference the allegations contained in the preceding paragraphs.

28. The '341 Patent is valid and enforceable.

29. Intermatic has, without authority, consent, right, or license, and in direct infringement of the '341 Patent, made, used, offered for sale, and/or sold the Infringing Products that infringe the '341 Patent, including at least claim 6 of the '341 Patent.

30. Titan$^3$ has no adequate remedy at law for the harm caused by Intermatic's acts, and Titan$^3$ is entitled to an injunction prohibiting further infringement of the '341 Patent.

31. Titan$^3$ has suffered monetary damages in an amount to be proven at trial.

32. Titan$^3$ is entitled to an accounting by Intermatic of funds comprising all revenues received through the commercial exploitation of the Infringing Products, the imposition of a constructive trust for the benefit of Titan$^3$ for all such funds in the custody or control of Intermatic, the assessment of a reasonable royalty for Intermatic's use of Titan$^3$'s invention, and to all other damages which Titan$^3$ may be entitled.

## CLAIM TWO

### Patent Infringement – '981 Patent

33. Titan$^3$ realleges and incorporates by reference the allegations contained in the preceding paragraphs.

34. The '981 Patent is valid and enforceable.

35. Intermatic has, without authority, consent, right, or license, and in direct infringement of the '981 Patent, made, used, offered for sale, and/or sold the Infringing Products that infringe the '981 Patent, including at least claim 1 of the '981 Patent.

36. Titan$^3$ has no adequate remedy at law for the harm caused by Intermatic's acts, and Titan$^3$ is entitled to an injunction prohibiting further infringement of the '981 Patent.

37. Titan$^3$ has suffered monetary damages in an amount to be proven at trial.

38. Titan$^3$ is entitled to an accounting by Intermatic of funds comprising all revenues received through the commercial exploitation of the Infringing Products, the imposition of a constructive trust for the benefit of Titan$^3$ for all such funds in the custody or control of Intermatic, the assessment of a reasonable royalty for Intermatic's use of Titan$^3$'s invention, and to all other damages which Titan$^3$ may be entitled.

## CLAIM THREE

### Patent Infringement – '276 Patent

39. Titan$^3$ realleges and incorporates by reference the allegations contained in the preceding paragraphs.

40. The '276 Patent is valid and enforceable.

41. Intermatic has, without authority, consent, right, or license, and in direct infringement of the '276 Patent, made, used, offered for sale, and/or sold the Infringing Products that infringe the '276 Patent, including at least claim 1 of the '276 Patent.

42. Titan$^3$ has no adequate remedy at law for the harm caused by Intermatic's acts, and Titan$^3$ is entitled to an injunction prohibiting further infringement of the '276 Patent.

43. Titan$^3$ has suffered monetary damages in an amount to be proven at trial.

44. Titan$^3$ is entitled to an accounting by Intermatic of funds comprising all revenues received through the commercial exploitation of the Infringing Products, the imposition of a constructive trust for the benefit of Titan$^3$ for all such funds in the custody or control of Intermatic, the assessment of a reasonable royalty for Intermatic's use of Titan$^3$'s invention, and to all other damages which Titan$^3$ may be entitled.

## **DEMAND FOR JURY TRIAL**

Titan$^3$ requests a jury trial on all issues so triable to a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Titan$^3$ requests that judgment be entered in its favor and against Intermatic as follows:

    A.    Finding that Intermatic has infringed the Titan$^3$ Patents;

    B.    Finding that Intermatic's infringement was knowing, intentional, and willful;

    C.    Issuing temporary, preliminary, and permanent injunctions enjoining Intermatic and its officers, agents, subsidiaries, employees, and those in privy with or that act in concert with any of the foregoing from:

        i.    Further infringing the Titan$^3$ Patents by importing, making, offering for sale, selling, or using the Infringing Products; and

        ii.    Engaging in any other activity constituting an infringement or misappropriation of Titan$^3$'s exclusive rights in the Titan$^3$ Patents;

    D.    Ordering Intermatic, its officers, agents, subsidiaries, employees, and those in privity with or that act in concert with any of the foregoing to deliver up to this Court for destruction all articles and materials infringing upon the Titan$^3$ Patents and all materials for reproducing such infringing products;

E. Ordering Intermatic to file with the Court and serve upon Titan³'s counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Intermatic has complied with the injunction;

F. Ordering an accounting of all profits derived from Intermatic's infringement of the Titan³ Patents;

G. Awarding Titan³ its damages sustained due to Intermatic's infringement of the Titan³ Patents or, in the alternative, that a reasonable royalty for Intermatic's infringement be awarded to Titan³ pursuant to 35 U.S.C. § 284;

H. Finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees and costs to Titan³;

I. Awarding exemplary and/or punitive damages;

J. Awarding Titan³ its costs and pre-judgment and post-judgment interest to the highest extent allowed under the law; and

K. Awarding such other and further relief as this Court may deem just and proper.

Dated:  January 16, 2025                    Respectfully submitted,

TITAN³ TECHNOLOGY, LLC

By: */s/ Gary M. Miller*

Gary M. Miller (IL 6229867)
Samuel G. Bernstein (IL 6343129)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
(312) 704-7700
gmiller@shb.com
sbernstein@shb.om

David G. Barker (*pro hac vice forthcoming*)
Zachary Schroeder (*pro hac vice forthcoming*)
Daniel M. Staren (*pro hac vice forthcoming*)
SNELL & WILMER
One East Washington Street, Suite 2700
Phoenix, AZ  85004-2556
(602) 382-6000
dbarker@swlaw.com
zschroeder@swlaw.com
dstaren@swlaw.com

***Attorneys for Plaintiff Titan³ Technology, LLC***